UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| FLY GUYS, INC. OF DELAWARE | CIVIL ACTION NO. 6:24-cv-01665 |
| v. | JUDGE ROBERT. R. SUMMERHAYS |
| RCG VALUATION & MONETIZATION, INC. | MAGISTRATE JUDGE DAVID J. AYO |

### ANSWER, AFFIRMATIVE DEFENSES & COUNTERCLAIM

NOW INTO COURT, through undersigned counsel, comes Defendant, RCG VALUATION & MONETIZATION, INC. ("RCG"), who responds to Plaintiff's Complaint as follows:

### GENERAL DENIAL

RCG denies each and every allegation in Plaintiff's Complaint, except as may hereinafter be expressly admitted.

### ANSWER

FURTHER ANSWERING, RCG offers the following specific responses to Plaintiff's Complaint:

1.

The allegations contained in Paragraph 1 are denied to the extent a response is required, except that RCG's status as an Arizona corporation is admitted.

2.

The allegations contained in Paragraph 2 pertain to the jurisdiction of the Court and as such, are assertions of law that require no answer.

3.

The allegations of Paragraph 3 pertain to venue and as such, are assertions of law that require no answer.

4.

The allegations of Paragraph 4 are denied as written except to admit that Plaintiff performed drone imaging services. The existence of an open account is specifically denied. The referenced invoices are the best evidence of their existence and content. RCG denies the accuracy of, and the representations set forth in, the referenced invoices.

5.

The allegations of Paragraph 5 regarding Plaintiff's invoicing practices are denied for a lack of sufficient knowledge or information. The "Mutual Confidentiality & Non-Circumvention Agreement" is the best evidence of its existence and content.

6.

The allegations of Paragraph 6 are denied.

7.

The allegations of Paragraph 7 are denied. The referenced invoices are the best evidence of their existence and content. RCG denies the accuracy of, and the representations set forth in, the referenced invoices.

8.

The allegations of Paragraph 8 are denied as written. The referenced correspondence is the best evidence of its existence and content. RCG specifically denies the accuracy of the referenced correspondence and that it owes the amounts set forth in the referenced correspondence.

9.

See responses to Paragraphs 1 – 8 herein.

10.

The allegations of Paragraph 10 are denied. The existence of an open account is specifically denied. RCG specifically denies that the referenced summary accurately reflects amounts owed to Plaintiff.

11.

The allegations of Paragraph 11 (identified as Paragraph 9) are denied as written.

12.

The allegations of Paragraph 12 (identified as Paragraph 10) contain a legal conclusion, which requires no answer. To the extent an answer is required, the allegations of Paragraph 12 are denied. The existence of an open account is specifically denied.

13.

The allegations of Paragraph 13 (identified as Paragraph 11) are denied. The existence of an open account is specifically denied.

14.

The allegations of Paragraph 14 (identified as Paragraph 12) are denied. The existence of an open account is specifically denied.

15. (identified as Paragraph 13)

See responses to Paragraphs 1 – 14 herein.

16.

The allegations of Paragraph 16 (identified as Paragraph 14) are denied.

17.

The allegations of Paragraph 17 (identified as Paragraph 15) are denied.

18.

The allegations of Paragraph 18 (identified as Paragraph 16) are denied.

19.

The allegations of Paragraph 19 (identified as Paragraph 17) are denied.

20. (identified as Paragraph 18)

See responses to Paragraphs 1 – 19 herein.

21.

The allegations of Paragraph 21 (identified as Paragraph 19) are denied.

FURTHER ANSWERING, RCG denies all of the allegations set forth in the Prayer for Relief and specifically denies that Plaintiff is entitled to any relief, in any form.

FURTHER ANSWERING, RCG asserts the following affirmative and other defenses, without assuming any burdens of production or proof that belong to Plaintiff.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted and/or fails to state a claim upon which relief can be granted to the extent it seeks relief not available under the legal theories alleged.

### SECOND DEFENSE

Plaintiff's claim does not constitute a claim on open account.

### THIRD DEFENSE

Should its claim be characterized as a claim on open account, Plaintiff is not entitled to attorney's fees from RCG. RCG is not indebted to Plaintiff in the amount demanded, Plaintiff has

failed to make written demand correctly setting forth an amount owed by RCG, and Plaintiff has refused RCG's efforts to resolve this dispute short of litigation.

## FOURTH DEFENSE

All or portions of Plaintiff's claims are barred by the doctrine of estoppel and/or the doctrine of "unclean hands."

## FIFTH DEFENSE

All or portions of Plaintiff's claims are barred or should be reduced by payment, compensation, and/or exhaustion. Plaintiff has failed to properly account for all payments made and/or credits due.

## SIXTH DEFENSE

All or portions of Plaintiff's claims are barred or should be reduced by set-off. RCG is entitled to an offset and/or credit for all overbilling, overcharges, and/or unearned payments.

## SEVENTH DEFENSE

RCG specifically reserves the right to assert additional defenses as this litigation progresses.

## COUNTERCLAIM

AND NOW ASSUMING THE POSITION OF COUNTER-PLAINTIFF, RCG avers as follows:

### Parties

1.

RCG is a corporation organized under the laws of the State of Arizona, with its principal place of business in Scottsdale, Arizona.

2.

Named Counter-Defendant herein is FLYGUYS, INC. OF DELAWARE ("Flyguys"), a corporation formed under the laws of the State of Delaware, with its principal place of business in Lafayette, Louisiana.

### Jurisdiction & Venue

3.

This is an action seeking damages for breach of contract and/or the recovery of previous payments that were not due. This action is properly asserted as a counterclaim pursuant to Fed.R.Civ.Pro. 13.

4.

This Court enjoys jurisdiction over this matter pursuant to 28 U.S.C. §1332. For purposes of diversity jurisdiction, RCG is a citizen of Arizona. For purposes of diversity jurisdiction, Flyguys is a citizen of Delaware and Louisiana. As such, there is complete diversity between the parties. The total value of the relief requested by RCG exceeds $75,000.00, thus the amount in controversy requirement is satisfied.

### Facts

5.

RCG provides cost segregation services that include drone imaging of real estate assets/structures.

6.

In or around late 2019, FlyGuys offered to perform drone imaging services for RCG. This offer was accepted by RCG.

7.

Pursuant to the parties' agreement, FlyGuys was obligated to provide access to approximately 15,000 drone pilots and to complete all assignments within 2 weeks.

8.

For each structure scanned, FlyGuys was to charge a price per square foot for the total square footage actually scanned (subject to a minimum charge for structures below a certain square footage) plus a flat fee for each drone flight.

9.

In late 2022, FlyGuys forwarding a "pricing breakdown" to RCG outlining an updated compensation structure for its services. RCG accepted the compensation structure and continued to do business with FlyGuys under the belief and expectation that the compensation structure would be applied to all future assignments.

10.

The pricing structure consisted primarily of: (i) a price per square feet or a flat rate, depending on the size and character of the property to be imaged and (ii) a flat fee of $190.00 for the drone flight. RCG was to receive a 20% – 25% discount when FlyGuys used RCG's camera for an assignment. FlyGuys was required to obtain prior approval from RCG before performing any services for which the price was estimated to exceed $1,500.00.

11.

In early 2024, RCG terminated the parties' relationship and asked FlyGuys to issue its final invoice(s) for all services performed.

12.

FlyGuys responded by issuing Invoice No. 6940 totaling $36,161.88 (the "Invoice"). The Invoice reflects charges for services performed between December 2023 and February 2024. Although many of the charges were questionable, RCG promptly paid the Invoice in good faith in order to close out the parties' relationship.

13.

Without prior notice, FlyGuys then forwarded Statement No. 1708 dated April 2, 2024 (the "Statement"). The Statement totals $120,898.25 and reflects more than 20 invoices that were purportedly issued between October 2023 and March 2024.

14.

In response, RCG began an exhaustive audit of both the Invoice and the Statement. The square footage actually scanned for each assignment was confirmed and the above-referenced pricing structure was applied.

15.

The audit indicates that FlyGuys overcharged RCG and/or breached its contract with RCG in the following non-exclusive ways:

- FlyGuys oftentimes invoiced RCG for the total square footage of the subject structure, as opposed to the total square footage actually scanned;
- FlyGuys routinely charged a price per square foot instead of a flat rate;
- FlyGuys routinely charged the wrong price per square foot;
- FlyGuys routinely violated the requirement that it obtain prior approval before generating charges in excess of $1,500.00;
- FlyGuys failed to apply a discount when it used RCG's camera;

- Despite promising access to approximately 15,000 drone pilots, FlyGuys used a single pilot for 66% of the assignments reviewed;

- Because it used a single pilot for the majority of its assignments, it took FlyGuys, on average, more than 28 days to complete each assignment;

- FlyGuys added sales tax to the Invoice and the Statement despite never previously charging sales tax; and

- FlyGuys added late fees to the Statement, despite failing to properly submit invoices to RCG and, upon information and belief, not applying prior payments to older invoices.

16.

This situation has left RCG with no choice but to audit of all the assignments completed by Flyguys over the course of the parties' relationship. This audit, which remains ongoing, indicates that FlyGuys' practice of invoicing RCG for the total square footage of the subject structure, as opposed to the total square footage actually scanned, was not limited to just the structures reflected on the Invoice and/or the Statement.

**Cause of Action No. 1 – Breach of Contract**

17.

Paragraphs 1 through 16 are incorporated herein by reference.

18.

FlyGuys' offer to perform drone imaging services for RCG was accepted by RCG, thereby establishing a contractual relationship between the parties.

19.

As detailed herein, FlyGuys has materially breached its obligations under the parties' contractual relationship. Specifically, FlyGuys charged for more square footage than was actually imaged, failed to properly apply the update compensation structure, added taxes and late fees where such charges should not have been applied, utilized a single drone pilot for a substantial number of assignments, and failed to complete assignments within the required timeframe.

20.

RCG is entitled to recover from Flyguys those damages which are reasonable under the premises and necessary to compensate it for any harm caused by Flyguys' actions, including any harm to its business reputation, its goodwill, and its relationships with its employees, contractors, and customers.

**Cause of Action No. 2 – Payment of a Thing Not Due**

21.

Paragraphs 1 through 16 are incorporated herein by reference.

22.

RCG made payments to FlyGuys between late 2019 and early 2024 for drone services.

23.

As detailed herein, FlyGuys charged for more square footage than was actually imaged and failed to properly apply the update compensation structure. As a result, Flyguys was overpaid.

24.

FlyGuys receipt of the overpayments constitutes the receipt of payments not due. It is obligated to refund the payments pursuant to La. C.C. art. 2299.

WHEREFORE, RCG VALUATION & MONETIZATION, INC., prays:

1. That this Answer, Affirmative Defenses & Counterclaim be deemed good and sufficient;

2. After due proceedings, there be a judgment in favor of RCG VALUATION & MONETIZATION, INC. and against FLYGUYS, INC. OF DELAWARE, dismissing all of FLYGUYS, INC. OF DELAWARE's claims with prejudice at its sole cost;

3. After due proceedings, there be a judgment for damages rendered in favor of RCG VALUATION & MONETIZATION, INC. and against FLYGUYS, INC. OF DELAWARE as prayed for herein, within interest from the date of judicial demand; and

4. For all just and equitable relief allowed for by law.

BY ATTORNEYS:

KEAN MILLER LLP

By: /s Michael D. Lowe
    Michael D. Lowe (La. Bar No. 29323)
    Blair E. Boyd (La. Bar No. 39410)

333 Texas St., Suite 450
Shreveport, LA 71101
Phone: (318) 562-2700
Fax: (318) 562-2751
E-mail: michael.lowe@keanmiller.com
       blair.boyd@keanmiller.com

Kevin C. Ellis (La. Bar No. 38731)
600 Jefferson St., Suite 1101
Lafayette, LA 70501
Phone: (337) 235-2232
Fax: (888) 781-0162
E-mail: kevin.ellis@keanmiller.com

***ATTORNEYS FOR RCG VALUATION & MONETIZATION, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 4th day of February, 2025. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and/or U.S. Mail.

s/ Michael D. Lowe
OF COUNSEL
